[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a personal injury action arising out of a two car accident, in which the plaintiff, the operator of one car claims damages against the owner of the second car Enterprise Rent-A-Car Company. Enterprise is alleged to be an out of state corporation registered with the Connecticut Secretary of State, with an address in St. Louis, Missouri. Service was made on Enterprise by leaving a copy of the writ with the Connecticut Commissioner of Motor Vehicle and thereafter mailing a copy to Enterprise at its Missouri address.
Enterprises moves to dismiss on the ground that this CT Page 3650 court has no jurisdiction over it because no proper service was made, since General Statutes 33-411(a) requires service on a foreign corporation to be made, either on its designated agent for service, or in the absence of such designation on our Secretary of State. Plaintiff claims that service on the Commissioner of Motor Vehicles was proper under General Statutes 52-62, but that statute is clearly inapplicable to this case since Enterprise did not "cause" a motor vehicle to be used in Connecticut. Failure to effect service within the provisions of General Statutes 33-411(a) and (d) deprives this court of jurisdiction over Enterprise. Keefe v. Ox-Bow Marina, Inc., Superior Court at New London, No. 90 83 07, August 2, 1990 Burns, J.; Zampano v. L. G. Defelice, Inc., Superior Court at New Haven, May 26, 1992, O'Keefe, J.
Motion to Dismiss granted.
Wagner, J.